**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

|  |  |  |
|---|---|---|
| | § | |
| IN RE: | § | CASE NO: 19-12205 |
| | § | |
| ACADIAN CYPRESS & | § | CHAPTER 11 |
| HARDWOODS, INC. | § | |
| | § | SECTION A |
| DEBTOR. | § | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING**
**CONFIRMATION OF THE AMENDED CHAPTER 11**
**PLAN OF REORGANIZATION AS IMMATERIALLY MODIFIED**

On November 30, 2020, this Court held a hearing (the "Confirmation Hearing") to consider the *Chapter 11 Plan of Reorganization of the Debtor* filed June 30, 2020 (the "June Plan"), [ECF Doc. 183], filed by Acadian Cypress & Hardwoods, Inc., as debtor and debtor-in-possession (the "Debtor"), the *Amended Chapter Plan of Reorganization of the Debtor* filed August 26, 2020 (the "August Plan"), [ECF Doc. 216], as immaterially modified by the *Amended Chapter 11 Plan of Reorganization of the Debtor* filed November 11, 2020 (the "November Plan"), [ECF Doc. 242]  (the November Plan, the August Plan, together with the June Plan, collectively, the "Plan").[1]  The following objections to the Plan were filed:  (1) *Objection of Internal Revenue Service*, [ECF Doc. 222]; (2) *Objection of Home Bank, N.A.*, [ECF Doc. 232]; (3) *Objection of the U.S. Trustee*, [ECF Doc. 236]; (4) *Objection of Hill Country Hardwoods, Inc.*, [ECF Doc. 248]; and (5) *Objection of the Small Business Administration,* [ECF Doc. 249]. Considering the Plan and the immaterial modifications to the Plan discussed at the Confirmation Hearing, the law, proffers, evidence, statements of counsel, the record, and the fact that all

---

[1]     This Court granted the Debtor's *Motion for Entry of an Order Approving Immaterial Modifications* ("Motion To Modify"), filed November 12, 2020, [ECF Doc. 243], on November 19, 2020, [ECF Doc. 244].

1

objections were withdrawn, resolved, or overruled, the Court announced during the Confirmation

Hearing that it would confirm the Plan.

**THE COURT MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW: [2]**

A.        **Filing Date**.  As evidenced by the *Certificate of Service* filed October 15, 2020

[ECF Doc. 233], all appropriate pleadings, notices, and ballots were transmitted and served as

required by the *Order Fixing Time for Filing Acceptances or Rejections to the Amended Chapter

11 Plan of Reorganization, and Setting Virtual Evidentiary Hearing on Confirmation and Motion

to Dismiss or Convert* filed September 29, 2020, [ECF Doc. 231], and Bankruptcy Rule 3017(d).

B.        **Jurisdiction; Venue**.  The Court has jurisdiction over this chapter 11 case, the

parties, and the Debtor's property pursuant to 28 U.S.C. § 1334.  Confirmation of a plan of

reorganization is a core proceeding under to 28 U.S.C. § 157(b)(2)(L).  Venue is proper under 28

U.S.C. §§ 1408 and 1409.  This Court has authority to issue the Confirmation Order as a final

order.

C.        **Notice**.  Adequate notice of the Confirmation Hearing was given to all parties

entitled to receive such notice in accordance with Bankruptcy Rules 2002, 3018, 3019, 6006,

9007, and 9014 and the Bankruptcy Code, and no other or further notice of the Confirmation

Hearing is necessary or required.

D.        **Good Faith**.  Based on the record, the Debtor and its respective directors,

officers, employees, managers, members, attorneys, affiliates, agents, and professionals have

---

2        These findings of fact and conclusions of law constitute the Court's findings of fact and
conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.  To the extent that any of the
following findings of fact are determined to be conclusions of law, they are adopted and shall be
construed and deemed conclusions of law.  To the extent any of the following conclusions of law are
determined to be findings of fact, they are adopted and shall be construed and deemed as findings of fact.

acted in "good faith" within the meaning of Bankruptcy Code § 1125(e) and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the orders entered in this case. Votes for acceptance or rejection of the Plan were solicited in good faith and in compliance with Bankruptcy Code §§ 1125 and 1126, Bankruptcy Rules 3017 and 3018, all orders entered in this case, and the Bankruptcy Code and all other applicable rules, laws, and regulations.

      **E.**      **<u>Plan Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a))</u>**. The Plan complies with § 1129 of the Bankruptcy Code, and the Debtor has proven the requirements of confirmation by a preponderance of the evidence:

      *1.*      *<u>Plan Compliance with the Bankruptcy Code (11 U.S.C. §§ 1129(a)(1) and (2)).</u>*

      The Plan complies with the applicable provisions of the Bankruptcy Code under § 1129(a)(1), and the Debtor as a proponent of the Plan has complied with the applicable provisions of the Bankruptcy Code pursuant to § 1129(a)(2):

      a.      The Plan complies with the classification requirements under § 1122, and

      b.      In compliance with § 1123(a)(1) of the Bankruptcy Code, the Plan designates classes of claims and interests (other than claims of a kind specified in Bankruptcy Code §§ 507(a)(1), 507(a)(2) or 507(a)(7)).  The Plan further complies with the requirement of § 1123(a)(2) of the Bankruptcy Code that a plan "specify any class of claims or interests that is not impaired under the Plan" by specifying that class 1 is unimpaired under the Plan and is conclusively presumed to accept the Plan. Similarly, the Plan complies with § 1123(a)(3) of the Bankruptcy Code, which requires that a plan "specify the treatment of any class of claims or

interests that is impaired under the plan," by specifying that Class 1 is unimpaired under the Plan, while all other classes, excluding those intentionally left blank, are impaired by the Plan. The Plan complies with § 1123(a)(4) which requires that a plan provide the same treatment for each claim or interest within a particular class unless any claim or interest holder agrees to receive less favorable treatment than other class members. Under the Plan, the treatment of each claim or interest in the Debtor, in each respective class, is the same as the treatment of each other claim or interest in such class.

2.    *Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)).*

The Plan has been proposed in good faith and not by any means forbidden by law.

3.    *Payment for Services or Cost and Expenses (11 U.S.C. § 1129(a)(4)).*

All payments made or to be made by the Debtor, or by a person issuing securities or acquiring property under the Plan, for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, has been approved by, or is subject to approval of, the Court as reasonable under § 1129(a)(4).

4.    *Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5)).*

The Debtor has complied with § 1129(a)(5) in that the appointment of Wayne Cangelosi and Frank Vallot is consistent with the best interests of creditors, equity security holders, and with public policy. The Debtor has disclosed the compensation to be paid to Wayne Cangelosi and Frank Vallot.

4

5.      _No Rate Changes (11 U.S.C. § 1129(a)(6))._

The Plan does not provide for any such rate changes contemplated by § 1129(a)(6); therefore, this requirement is met.

6.      _Best Interest of Creditors (11 U.S.C. § 1129(a)(7))._

Section 1129(a)(7) of the Bankruptcy Code is commonly known as the "best interests" test, and requires the Court to find that each creditor or equity security holder that has not accepted or deemed to have accepted the Plan will receive or retain value under the Plan that is not less than the amount such holder would receive if the Debtor was liquidated.  Based upon the testimony of Frank Vallot at the Confirmation Hearing and the pleadings, and documents filed in support of the Debtor's Plan, each holder of a claim or interest will receive a value at least equal to the value that such party would receive if the Debtor was liquidated.

7.      _Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8))._

Pursuant to § 1129(a)(8), Classes 3, 4 5, and 6 are impaired and have accepted the Plan based upon the _Tabulation of Ballots_ filed with this Court on November 9, 2020, [ECF Doc. 241].

8.      _Treatment of Administrative Expense Claims and Priority Tax Claims (11 U.S.C. § 1129(a)(9))._

The treatment of claims specified in § 1129(a)(9) of the Bankruptcy Code are in compliance with that section of the Bankruptcy Code.

9.      *Acceptance by Impaired Classes (11 U.S.C. § 1129(a)(10)).*

All classes of impaired creditors have accepted the Plan and, thus, § 1129(a)(10) is satisfied.  *See Tabulation of Ballots,* [ECF Doc. 241].

10.     *Feasibility (11 U.S.C. § 1129(a)(11)).*

Based upon the testimony of Frank Vallot and the pro-forma presented in support of Plan Confirmation (Exhibit A at the Confirmation Hearing), the Plan satisfies the requirements of § 1129(a)(11), in that it is not likely to be followed by liquidation, or the need for further financial reorganization of the Debtor or any successor to the Debtor under the Plan, unless proposed by the Plan.

11.     *Payment of Fees (11 U.S.C. § 1129(a)(12)).*

All fees due under § 1930 of title 28 have been paid or the Plan provides for payment of such fees in accordance with § 1129(a)(12).

12.     *Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13)).*

The Plan provides that the Reorganized Debtor shall continue to pay all retiree benefits of the Debtor (within meaning of § 1114 of the Bankruptcy Code), if any, at the level established in accordance with § 1114 of the Bankruptcy Code, at any time prior to the Confirmation Date, for the duration of the period for which Debtor had obligated itself to provide such benefits in compliance with § 1129(a)(13). Based upon the testimony of Frank Vallot, the Debtor has no plan that constitutes a "retiree benefit plan."

13.    _Sections 1129(a)(14)-(16) are not applicable to the Debtor._

The Debtor is not required by a judicial or administrative order, or by statute, to pay a domestic support obligation.  Accordingly, § 1129(a)(14) is inapplicable. The Debtor is not an individual. Accordingly, § 1129(a)(15) is inapplicable. The Debtor is a moneyed, business, or a commercial limited liability company. Accordingly, § 1129(a)(16) is inapplicable.

F.    **Modifications of the Plan**.  The modifications to the Plan, as outlined in the Motion To Modify, discussed during the Confirmation Hearing and reflected in the November Plan and the Motion To Modify filed by the Debtor and approved by this Court,  [ECF Doc. 244], are immaterial modifications to the Plan, and do not adversely affect any creditor or interest holder who has voted to accept the Plan.

G.    **Confirmation Order**.  The Confirmation Order will be separately issued and entered on the docket in this case.

New Orleans, Louisiana, December 10, 2020.

_____
   **MEREDITH S. GRABILL**
   **UNITED STATES BANKRUPTCY JUDGE**